# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOAQUIN V. LEON GUERRERO,<br>Plaintiff,<br>vs.<br>LOURDES LEON GUERRERO, in her official capacity as Governor of Guam,<br>Defendant. | CIVIL CASE NO. 20-00017<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Before the Court is Plaintiff Joaquin Leon Guerrero's motion for a temporary restraining order to prohibit Defendant the Governor of Guam from enforcing Executive Order 2020-10 ("E.O. 2020-10").[1] Federal Rule of Civil Procedure 65 recognizes two forms of interlocutory injunctive relief: (1) a preliminary injunction, which the Court may issue "only on notice to the adverse party"; and (2) a temporary restraining order, which the Court may issue "without written or oral notice," but only when "specific facts … clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(a)(1), (b)(1). If a temporary restraining order is issued, "the motion for a preliminary injunction must be set for hearing at the earliest practical time, taking precedence over all other matters except hearings on older matters of the same character." Fed.

---

[1] Actually, the exact relief sought by this motion is less than clear. The motion itself does not argue that E.O. 2020-10 is unenforceable in its entirety, but only that "the checkpoints [established by the Public Health Authority pursuant to E.O. 2020-10] should be enjoined as soon as possible." ECF 3 ("Mot.") at 11. Even then, the body of the motion does not argue that all checkpoints are *per se* impermissible, but only that the checkpoints as currently implemented are unlawful. In short, it is not at all clear what the exact scope of the restraining order sought by Plaintiff would be.

1

R. Civ. P. 65(b)(3). The Court concludes that a temporary restraining order under Rule 65(b) is not warranted.

Plaintiff has not shown that he is in danger of suffering the kind of "immediate and irreparable injury" that would justify prioritizing his request for prospective relief "over all other matters except … older matters of the same character." First, Plaintiff has not made a sufficient showing that the threatened injury—an allegedly unlawful seizure of his person—is "immediate." Based on the facts alleged in the complaint and those stated in the declarations in support of Plaintiff's motion, the threatened seizure will not occur unless Plaintiff attempts to travel by automobile through one of four "checkpoints" established at predetermined locations around the island, and only if he does so during particular times.[2] Plaintiff has not submitted any particular facts showing that something of greater urgency than "all other matters" before the Court will require him to travel through one of these checkpoints during their operational hours before the legality of the threatened seizure can be fully briefed and determined. Accordingly, the Court finds that the threatened injury to Plaintiff is not sufficiently "immediate" to justify the issuance of a temporary restraining order under Fed. R. Civ. P. 65(b).

Nor has Plaintiff made an adequate showing that the threatened injury is "irreparable." Plaintiff's only attempt to meet this requirement is an assertion that every deprivation of a constitutional right is *per se* irreparable. *See* Mot. at 2. However, the authority cited by Plaintiff, *Elrod v. Burns*, 427 U.S. 347, 373 (1976), does not stand for this proposition. Rather, *Elrod* states that "[t]he loss of *First Amendment* freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod*, 427 U.S. at 373 (emphasis added). For this proposition, *Elrod* cites *New York Times Co. v. United States*, 403 U.S. 713 (1971), a case reiterating that "[a]ny system of prior restraints of expression comes to [the] Court bearing a heavy presumption against its constitutional validity." 403 U.S. at 714. The fact that temporary deprivations of the freedom of speech may constitute an irreparable harm—a notion integrally tied to the historical

---

[2] The times that the checkpoints are operational are not specified in Plaintiff's filings, but the Court takes judicial notice that as of the date of this order, the checkpoints were not operational 24-hours a day.

2

presumption against the validity of prior restraints on expression—does not establish that *every* violation of any constitutional provision constitutes *per se* irreparable harm. Having provided no other legal authority for his proposition, and having made no attempt at a factual showing beyond his irreparable-harm-*per-se* argument, Plaintiff has not sufficiently demonstrated the sort of "immediate and irreparable injury" necessary to justify the issuance of a temporary restraining order.

The Court takes no position on what showing Plaintiff may ultimately muster in support of a motion for a preliminary injunction under Rule 65(a). The Court simply finds that the stringent requirements for emergency relief under Rule 65(b) have not been met. Accordingly, Plaintiff's motion for a temporary restraining order is **DENIED** without prejudice to Plaintiff's bringing a regularly noticed motion for a preliminary injunction.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Apr 21, 2020