William L. Gavras, Esq.
Law Offices of William L. Gavras
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone: 632-4357
Facsimile: 632-4368

Louie J. Yanza, Esq.
Law Office of Louie J. Yanza
A Professional Corporation
One Agana Bay
446 East Marine Corps Drive, Suite 202
Hagatna, Guam 96910
Telephone No. 671-477-7059
Facsimile No. 671-472-5487
Email: lyanza@jurisguam.com

Attorneys for Plaintiff
Joaquin V. Leon Guerrero

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOAQUIN V. LEON GUERRERO, | CIVIL CASE NO. CV20-00017 |
| Plaintiff, | MOTION FOR TEMPORARY RESTRAINING ORDER OR IN THE ALTERNATIVE A PRELIMINARY INJUNCTION **(The parties have agreed on a schedule for briefing and hearing.)** |
| vs. | |
| LOURDES LEON GUERRERO, in her official capacity as GOVERNOR OF GUAM, | |
| Defendant. | |

Comes Now Plaintiff by and through counsel and for his Motion states as follow:

***Introduction.***

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

The Defendant Governor of Guam, through an executive order, has instituted a scheme of vehicle checkpoints in response to the current health emergency. The executive order states that the purpose of the checkpoints is to ensure that "certain designated public roadways are reserved for access only by" individuals engaged in essential activities. At the checkpoints, drivers are questioned as to the purpose of their travel. However, the questioning does not constitute an investigation of any sort since regardless of the answer the driver provides, he is permitted to proceed through the checkpoint. Vehicle checkpoints violate the Fourth Amendment when they Accordingly, the checkpoints do not exist for any lawful purpose and are invalid under the Fourth Amendment.

The Defendant Governor of Guam has issued Executive Order 2020-10 which institutes a scheme of four (4) vehicle checkpoints throughout the island in certain order to limit travel to essential functions and activities. *See,* Exhibits A (Executive Order 2020-10) and B (Declaration of Plaintiff, Joaquin V. Leon Guerrero). According to the executive order, the purpose of the checkpoints is to ensure that "certain designated public roadways are reserved for access only by" individuals engaged in essential activities. This Executive Order cites to Title 10 Section 19502 as the source of the Governor's power to impose these checkpoints. In fact, § 19502 does not authorize the checkpoints as they are in fact administered, and therefore the checkpoints are outside the powers the Guam legislature has delegated the Governor. As a result, Executive

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

Order 2020-10 is *ultra vires* and violates the Fourth Amendment's prohibition against unreasonable seizures.

Vehicle checkpoints, regardless how brief the detention of the vehicle, constitute a seizure of the vehicle's driver and occupants. *City of Indianapolis v. Edmond*, 531 U.S. 32, 40 (2000); *Mich. Dep't of State Police v. Sitz*, 496 U.S. 444, 450 (1990) (vehicle stop at police sobriety checkpoint constitutes a "seizure" within the meaning of the Fourth Amendment); *Delaware v. Prouse*, 440 U.S. 648, 654 (1979) ("[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief."). Having shown that he was seized by government agents, Plaintiff has made a *prima facie* case that his Fourth Amendment rights have been violated as the result of the complained of checkpoints. The burden of production now shifts to the Defendant to show that Plaintiff's seizure was lawful. *Slade v. Gates*, 2004 U.S. Dist. LEXIS 24994, *22, 2004 WL 2745657 (citing *Dubner v. City & County of San Francisco,* 266 F.3d 959, 965 (9th Cir. 2001) and *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 1978)).

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

### The Two-Step Fourth Amendment Analysis.

Courts employ a two-step analysis to determine whether a seizure violates the Fourth Amendment. The first step is to determine if the seizure is authorized by law.[1] The second step is to determine if other Fourth Amendment violations have occurred. The government must clear both steps. *United States v. Ramsey*, 431 U.S. 606, 615 (1977); *United States v. Duncan*, 693 F.2d 971, 981 (9th Cir. 1982)(Fletcher dissenting)(*stating* "The Supreme Court has repeatedly employed this two-step analysis."); *United States v. Rowland,* 464 F.3d 899, 904 (9th Cir. 2006)(*stating* "At the outset, we must determine whether Guam Customs officers have the statutory authority to stop an individual that they believe is violating Guam's drug laws."); *United States v. Conroy,* 589 F.2d 1258, 1268 (5th Cir. 1979)(*stating* "It is almost too obvious to require reiteration that the mere existence of statutory authority to make a search does not obviate the need for Fourth Amendment compliance.").

### The Checkpoints Fail The First Step Of The Two-Step Fourth Amendment Analysis.

As to the first step of the two-step analysis, the Governor asserts that Title 10 § 19502 grants her the authority to establish the checkpoints. *See,* Exhibit A, Executive Order 2020-10. The Governor's reliance on § 19502 is misplaced.

---

[1] This step is usually taken for granted and not raised by criminal defendants. However, it can be critical. For instance, FBI agents are not authorized by law to conduct border searches, and searches and seizures made by FBI agents violate the Fourth Amendment. *United States v. Soto-Soto*, 598 F.2d 545, 548- 50 (9th Cir. 1979).

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

10 GCA Section 19502(d) delegates to the Governor the power:

(1) To prescribe routes, modes of transportation, and destinations in connection with evacuation of persons or the provision of emergency services.

(2) To control or limit ingress and egress to and from any stricken or threatened public area, the movement of persons within the area, and the occupancy of premises therein, if such action is reasonable and necessary to respond to the public health emergency.

Subsection (1) is inapplicable as the checkpoints are not concerned with evacuation or the provision of emergency services. Subsection (2) comes closest to authorizing the establishment of checkpoints. After the declaration of a public health emergency, subsection (2) the Governor may control "ingress and egress to and from any stricken or threatened public area. . . ." Subsection (2) also gives the Governor the power to control "the movement of persons within [a stricken] area . . . if such action is reasonable and necessary to respond to the public health emergency."

Ingress and egress to and from the island (the stricken area) are clearly not being controlled by the vehicle checkpoints, so the first part of § 19502(d)(2) is inapplicable. The second part of (d)(2) also does not apply because the checkpoints do not control the movement of persons within the island in a manner that "is reasonable and necessary to respond to the public health emergency." The checkpoints do seize drivers, but in practice drivers are not barred from travel to non-essential activities: no driver, regardless of his destination, is prohibited from going through the checkpoints.

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

Thus, the seizures are unreasonable and clearly not "necessary to respond to the public health emergency." As a result, they are not authorized by § 19502.

As the proffered Declarations (Exhibits B and C) demonstrate, drivers are permitted through the checkpoints even when drivers inform the Army guardsman manning the checkpoints that the purposes of their travels were variously for "peace of mind" (Exhibit B), "yoga class" (Exhibit C), and "a party" (Exhibit C). Even when the guardsmen explicitly informed the drivers that the drivers' declared purpose for travel was non-essential, the drivers were still allowed to pass through the checkpoint unhindered. Exhibits B and C.

The stated purpose in Executive Order 2020-10 is to ensure that "certain designated public roadways are reserved for access only by" individuals engaged in essential activities. *See,* Exhibit A. However, by permitting vehicles on non-essential travels to pass through the checkpoints, the checkpoints do nothing to control non-essential activity.

Section 19502 has granted the Governor broad but not unlimited powers to deal with the current public health crisis. The Governor is granted the power to control the movement of people within Guam, but such control must be "reasonable and necessary to the public health emergency." Checkpoints which permit all vehicles to pass through regardless of what the investigation taking place at the checkpoints reveal cannot be said to be "reasonable and necessary." Accordingly, the Governor is acting *ultra vires,*

6

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

*i.e.,* the Governor is acting outside of the powers delegated to her by § 19502. Because the checkpoints are not authorized by law, the first step of the two-step Fourth Amendment analysis is not cleared.

***The Checkpoints Fail The Second Step Of The Two-Step Fourth Amendment Analysis.***

Assuming *arguendo* that the seizures occurring at the checkpoints are authorized by some other part of the Guam Code (in other words, the checkpoints are authorized by law and the first step is cleared), the second step of the two-step analysis must also be cleared for the checkpoints to pass constitutional muster. The second step requires the checkpoints to meet all remaining constitutional requirements. *See, Conroy,* 589 F.2d at 1268 (*stating* "It is almost too obvious to require reiteration that the mere existence of statutory authority to make a search does not obviate the need for Fourth Amendment compliance.").

1. *The checkpoints at are not in service of an investigation.*

The Fourth Amendment does not permit the government to seize citizens for any reason. For instance, a *Terry* stop must be made for investigative purposes. *United States v. Sokolow*, 490 U.S. 1, 7 (1989).

Checkpoint stops are no different. Like *Terry* stops, they too are "investigative" seizures. *Mich. Dep't of State Police v. Sitz*, 496 U.S. 444, 462 (1990)(Stevens dissenting); *United States v. Ortiz*, 422 U.S. 891, 915 (1975)(White concurring).

7

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

Checkpoint stops, as with *Terry* stops, must be in service of an investigation or they are illegal.

In the case at bar, the checkpoints violate the Fourth Amendment because they are not part and parcel of any investigation. Drivers are asked *a* question: they are asked the purpose of their travel. However, it cannot be said that the question is part of any investigation because whatever answer is given, the driver is permitted to proceed through the checkpoint. Accordingly, checkpoints violate the Fourth Amendment because the seizure lacks the core justification – an investigation.

2. *The checkpoints violate the Fourth Amendment because they do not promote the public interest.*

The degree to which a seizure advances the public interest is one factor to consider when determining whether the seizure is reasonable and thus constitutional. *United States v. Fraire*, 575 F.3d 929, 933-934 (9th Cir. 2009). In the instant case, it is difficult to fathom how a traffic stop implemented to prevent non-essential travel advances the public interest if it permits non-essential travel. For this reason alone, the checkpoints violate the Fourth Amendment.

3. *The checkpoints do not relate to a legitimate purpose.*

Closely related to the promotion of public interest analysis discussed immediately *supra,* is the requirement that all seizures occurring at the checkpoints must relate to a legitimate purpose. *See, United States v. Huguenin*, 154 F.3d 547, 558 (6th Cir.

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

1998)(*citing Maxwell v. City of New York*, 102 F.3d 664, 667 (2nd Cir. 1996). The only conceivable legitimate purpose of the instant checkpoints is to protect the health of Guam's residents. The checkpoints as administered do not do this because drivers are permitted through the checkpoints regardless of what they say is the purpose of their travels. The checkpoints in no way control non-essential activity. Accordingly, the checkpoints violate the Fourth Amendment.

***The Current Pandemic Is Not A Valid Reason For This Court to Defer To the Governor On The Checkpoints.***

Last week, the United States Justice Department filed a statement of interest in an action where a church asked a federal court to restrain the enforcement a mayor's executive order. *See,* Exhibit D. The executive order prevented parishioners from attending drive-in services until Mississippi's governor lifted the statewide shelter-in-place order. Both the governor's shelter-in-place order and the mayor's executive order were attempts to mitigate the effects of the current pandemic. *See,* Exhibit D pgs 2 – 3.

Represented by various attorneys including a Special Counsel from the Civil Rights Division, the Justice Department in its statement of interest asked the court to consider the following:

> There is no pandemic exception, however, to the fundamental liberties the Constitution safeguards. Indeed, "individual rights secured by the Constitution do not disappear during a public health crisis." *In re Abbott*, --- F.3d ---, 2020 WL 1685929, at *6 (5th Cir. Apr. 7, 2020). These individual rights, including the protections in the Bill of Rights made

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

>applicable to the states through the Fourteenth Amendment, are always in force and restrain government action.

*See,* Exhibit D pg 4. Likewise, this Court should not calibrate the scales of justice any differently because Guam is now under a public health emergency.

There does exist language in case law suggesting that a certain amount of deference should be given to the political branches during health emergencies. However, most language to this effect arise out of instances where statutes are being challenged, not the *application* of an executive order. It is important to note that in the instant case Plaintiff is not challenging a statute which is the creation of the legislative process. At this point in these proceedings, Plaintiff is not even challenging Executive Order 2020-10. Rather, Plaintiff is now challenging the manner in which the checkpoints are being administered.

### The Criteria For Granting Temporary Restraining Orders and Preliminary Injunction.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See, Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001)"A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). While a plaintiff is required to make "a showing on

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

all four prongs," there is nonetheless some interplay between them. This Court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

1. *Plaintiff is likely to succeed on the merits.*

    The arguments made above, demonstrate that Plaintiff is likely to succeed on the merits.

2. *Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief.*

    The Ninth Circuit has repeatedly granted injunctions to prevent Fourth Amendment violations. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501 (9th 1996)(discussing cases). The immediate nature of the harm is set forth in Plaintiff's Declaration beginning at paragraph 5. *See,* Exhibit B. Plaintiff's grocery and pharmacy shopping requirements put him in the crosshairs of the checkpoints on a weekly basis. *Id.*

3. *The equities are in Plaintiff's favor.*

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

"To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it." *Univ. of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999). On the Plaintiff's side is the fact that for as long as the checkpoints are allowed to continue he will continue to suffer a *constitutional* violation if preliminary relief is not granted. On the Defendant's side, the checkpoints were established to mitigate a health emergency. However, a closer look is in order to determine what the Defendant would really lose by an injunction. The Defendant is losing a checkpoint, the stated purpose of which is to prevent non-essential journeys while at the same time the checkpoints permit travel for non-essential journeys. Defendant loses nothing of substance. All Defendant loses is a contradiction.

4. *An injunction will serve the public interest.*

Federal courts have consistently held that it is always in the public interest to prevent a violation of the Constitution. *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10 Cir. 2012). *See, Milwaukee County Pavers Ass'n v. Fiedler*, 707 F. Supp. 1016, 1034 (W.D. Wis. 1989) ("Legislation that is unconstitutional cannot be in the public interest."); *Planned Parenthood of Wis., Inc. v. Van Hollen*, 94 F. Supp. 3d 949 (W.D. Wis. 2015) (permanent injunction granted for improper delegation); *Lavan v. City of L.A.,* 693 F.3d 1022 (9th Cir. 2012) (stating that the district court's issuance of TRO served public interest in protection from Fourth and Fourteenth Amendment violations).

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

***Plaintiff Asks That The Injunction Be Granted Without The Need To Post Bond.***

"Courts have discretion to excuse the [Rule 65(c)] bond requirement. *People of Cal. v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325-26 (9th Cir. 1985).

***Communication With Opposition Counsel and Agreement On Scheduling.***

Yesterday, On April 22, 2020, at approximately 3:10 p.m., the parties agreed on a scheduling plan for Plaintiff's prior Temporary Restraining Order this Court dismissed without prejudice. That plan was as follows: Defendant shall file an opposition Monday April 27, 2020. Plaintiff's reply, if any, shall be filed April 29, 2020. The parties were hoping for a hearing no later than May 1, 2020. Counsel for Defendant was contacted again today, April 22, 2020. Counsel reaffirmed this schedule knowing Plaintiff is filing this Motion, and will make known if the schedule needs to be adjusted.

## CONCLUSION

The Guam legislature places great power in the executive during public health emergencies. The Governor has used these powers to do an excellent job safeguarding the people of Guam during the present health emergency. However, the legislature's recent decision to deny the Governor the power to impose a curfew demonstrates that the legislature is far from inclined to give the Governor unlimited power. Just as the Guam legislature is entitled to guard its prerogatives, Guam citizens

Joaquin V. Leon Guerrero v.
Lourdes Leon Guerrero, in her official
Capacity as Governor Guam
Civil Case No. 20-00017
Motion for Temporary Restraining Order or in the Alternative a Preliminary Injunction

may guard theirs. The checkpoints at issue serve no reasonable purpose and perhaps not any purpose. At the same time thousands of Guam's residents are seized every day at these checkpoints. The checkpoints should be enjoined as soon as possible as they are an affront to the liberties of the people of Guam as secured by the Constitution.

                                      LAW OFFICES OF WILLIAM L. GAVRAS

Date: April 22, 2020.    By:   /s/ William L. Gavras, Esq.
                                          Attorney for Plaintiff
                                          Joaquin V. Leon Guerrero

                                      LAW OFFICE OF LOUIE J. YANZA

Date: April 22, 2020.    By:   /s/ Louie J. Yanza, Esq.
                                          Attorney for Plaintiff
                                          Joaquin V. Leon Guerrero